**Robert ZIU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40475–AG.**

United States Court of Appeals, Second Circuit.

March 23, 2006.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Ronald J. Tenpas, United States Attorney for the Southern District of Illinois, Nathan E. Wyatt, Assistant United States Attorney, Fairview Heights, Illinois, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Robert Ziu, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam).

Here, the IJ made an adverse credibility determination for the following reasons. First, the IJ found that Ziu's application, stating that he joined the Democratic Party ("DP") in 1996 while in high school, was inconsistent with his testimony that he stopped attending high school in 1992. Because Ziu placed his DP initiation date during high school in his application, but four years after high school in his testimony, the inconsistency in when Ziu attended high school calls into question whether Ziu was actually a DP member.

Next the IJ found there were numerous inconsistencies regarding Ziu's account of the March 1997 attack. With regard to where the attack took place, the IJ noted that Ziu testified that he was beaten at a demonstration, whereas his application indicated nothing about a demonstration. Although an applicant should not be expected to list every detail on his asylum application, it is unusual that Ziu mentioned his presence at one demonstration and then omitted this detail regarding a different occasion.

The IJ also noted Ziu was inconsistent in who he claimed to have attacked him on this date. In his application, Ziu stated that he was attacked by four former secret service and police agents, whereas a certificate from the hospital where he was treated stated that he was mistreated by police, which the IJ regarded as different from former police. During testimony, Ziu first stated that the people who beat him were "respresentative[s] of the opposing force" and "Socialists," who he claimed he recog-

nized. Only when confronted with the fact that his application stated his attackers were former secret police did Ziu characterize them as such. In his petition, Ziu argues that had the IJ reviewed the background evidence on Albania, he would have realized that police, former secret service, and socialists were all the same. However, the background materials do not report on the period in which Ziu's attack allegedly occurred and do not document abuses by any group other than current police. The IJ's adverse credibility determination was therefore supported by substantial evidence.

Ziu also raises a due process issue. Exhaustion of administrative remedies is statutorily required for aliens challenging final orders of removal, 8 U.S.C. § 1252(d)(1), and requires exhaustion of bases for relief and issues, although not subsidiary legal arguments. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). Although the BIA does not have jurisdiction to adjudicate constitutional issues, *United States v. Gonzalez–Roque,* 301 F.3d 39, 47–48 (2d Cir.2002) (internal quotation marks omitted), the BIA could have decided underlying issues of statutory interpretation or fairness of process, and the appeal could have provided Ziu with the possibility of relief. *See Theodoropoulos v. INS,* 358 F.3d 162, 172 (2d Cir.2004). It was therefore necessary that Ziu argue to the BIA that the IJ impermissibly prevented him from testifying in order to satisfy the exhaustion requirement.

As with his due process claim, because Ziu failed to raise his claim for CAT relief before the BIA, Ziu did not exhaust his remedies and this Court lacks jurisdiction to review the claim. *See Gill,* 420 F.3d at 86.

Assuming that this Court has jurisdiction to review Ziu's claim that it was inappropriate for the BIA to streamline his case due to the existence of harmful and

material errors in the IJ's decision, that claim fails. The issues in this case were well-controlled by precedent and did not present a novel factual situations, and the factual and legal issues were not so substantial as to nevertheless warrant a written opinion. *See* 8 C.F.R. § 1003.1(e)(4).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).